**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALLEN JOHNSON SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 2000 |
| | ) |
| KEVIN FRAIN, LTS Supervisor, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Because this action began in a very unusual fashion for a lawsuit by a pro se prisoner plaintiff -- payment by plaintiff Allen Johnson Sr. ("Johnson") of the $400 filing fee in advance -- it has followed an unusual path during its two month history. With Johnson having accompanied his civil rights Complaint with a Motion for Attorney Representation ("Motion") that complied with our Court of Appeals' directive that confirmed his efforts to seek representation on his own, this Court promptly issued a memorandum order that called for the completion of copies of another Clerk's-Office-supplied form -- an In Forma Pauperis Application ("Application") -- to "enable this Court to determine whether Johnson had demonstrated a financial condition that would qualify him for obtaining the legal services of a member of this District Court's trial bar" (Mar. 29, 2017 memorandum order at 1). In that respect Johnson had earlier "departed from the norm by actually complying with our Court of Appeals' directive that he must identify lawyers with whom he has communicated on his own in seeking representation" (Mar. 24, 2017 memorandum order at 1).

It took some time for Johnson to obtain from the personnel at Stateville Correctional Center (where he is in custody) the information as to his trust fund account to support the Application that this Court had requested, so that such information has just been forthcoming from Johnson. Regrettably that and his other current submissions have prompted this further inquiry.

For one thing, according to the printout of transactions in Johnson's trust fund account (part of Dkt. No.12) he had something over $6,200 in that account as of mid-April 2017 (an amount that remained after his payment of $1,500 in attorney's fees back in November 2016). And for another, his tender of a new Motion (Dkt. No. 13) makes no reference at all to the posture of his own efforts to seek counsel, even though his original Motion had followed an identification of some lawyers he had then approached with this statement:

> The several law firms have not responded to the plaintiff's request for civil rights representation yet!!

Both of those things clearly preclude this Court's granting of the Motion at this point, for Johnson has not demonstrated any entitlement to have a member of this District Court's trial bar enlisted to pursue his claim on his behalf. Accordingly both the previously existing Motion (Dkt. No. 3) and the current Motion (Dkt. No. 13) are denied, although it is possible that further input from Johnson might support a fresh look at that subject.

There is a further problem posed by Johnson's current filings. One of them, a three-page document (Dkt. No. 11) is a letter addressed to "Dear Prisoner Correspondent" at this District Court, which refers to its two enclosures, the Motion and a new Application containing the trust fund account information already referred to, and states in part:

> Additionally, enclosed in this package, is the Final Exhaustion of Administrative Remedy pursuant to Ill. Admin. Code tit. 20, § 504.870(A)(3) regarding the

above-captioned 42 U.S.C. § 1983 Civil Rights Complaint which the Plaintiff have just recently received from the IDOC Springfield Administration.

But none of the three just-received filings, each of which this Court has had printed out, contains anything at all about that subject:

1. Although Dkt. No. 11 contains the word "(OVER)," Dkt. No. 11 consists of only three pages -- the two-page letter and a one-page photocopy of the mailing envelope.

2. Dkt. No. 12 is the new Application, which comprises nine pages -- eight pages that include the Application itself and the trust fund account printout, and once again a photocopy of the mailing envelope.

3. Dkt. No. 13 is the currently submitted Motion, comprising four pages, again none of which has anything at all to do with the exhaustion of administrative remedies.

This Court's courtroom deputy is following up with the Clerk's Office in an effort to track down the materials to which Johnson has referred in the above-quoted part of his letter. In the meantime Johnson's lawsuit simply cannot go forward.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 10, 2017

---

[1] It should be emphasized that nothing that this Court has said in its two earlier memorandum orders or in this memorandum order has expressed any view on the substantive viability of Johnson's claim. That subject will have to be addressed appropriately after the road blocks dealt with in this memorandum order have been cleared away.